UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ANTWAN SMITH,

          Petitioner,

v.

PAUL LAGANA

          Respondent.

Civil Action No. 12-5501 (CCC)

**MEMORANDUM AND ORDER**

This matter having come before the Court on the Petition for Writ of Habeas Corpus ("Petition") of Petitioner Antwan Smith ("Petitioner"), for relief under 28 U.S.C. § 2254; the Court having considered the Petition, the records of proceedings in this matter, and the Answer of Respondents (Maria I. Guerrero, Acting Assistant Prosecutor, Essex County Prosecutor's Office, appearing); and it appearing that:

1. Upon the Court's review, it appears that the Petition is time-barred by the one-year statute of limitations period under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* 28 U.S.C. § 2244(d)(1).

2. Respondents, in their Answer, did not address this timeliness issue.

3. Nevertheless, "district courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition." *Day v. McDonough*, 547 U.S. 198, 209 (2006). The district court may raise *sua sponte* the AEDPA statute of limitations defense even after an answer has been filed. *Day*, 547 U.S. at 209; *Long v. Wilson*, 393 F.3d 390, 404 (3d Cir. 2004). "[B]efore acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions. Further, the court must assure itself that the petitioner is not significantly

prejudiced by the delayed focus on the limitation issue, and determine whether the interests of justice would be better served by addressing the merits or by dismissing the petition as time barred." *Day*, 547 U.S. at 210. "[A]fter the Rule 4 period has ended, courts may continue to raise the AEDPA statute of limitations issue *sua sponte*, but only after providing . . . notice, an opportunity to respond, and an analysis of prejudice." *U.S. v. Bendolph*, 409 F.3d 155, 158 (3d Cir. 2005). "[T]he AEDPA statute of limitations is an important issue, the raising of which may not necessarily be left completely to the state." *Long*, 393 F.3d at 402. "[T]he statute of limitation implicates the interests of both the federal and state courts, as well as the interests of society, and therefore it is not inappropriate for the court, on its own motion, to invoke the doctrine." *Id.* (quoting *Acosta v. Artuz*, 221 F.3d 117, 123 (2d Cir. 2000)).

4. Based on the Court's review of the Petition and Answer, the Court finds that the Petition appears to be statutorily time-barred. There were numerous delays during Petitioner's state court proceedings for post-conviction relief ("PCR). First, Petitioner's sentence and conviction were affirmed on direct appeal by the Appellate Division on November 15, 2007. (ECF No. 6-10 at 2.) No petition for certification with the New Jersey Supreme Court was filed, (ECF No. 1 at 2), so Petitioner's conviction and sentence became final for the purposes of AEDPA at the expiration of time to file such a petition. *See* 28 U.S.C. § 2244(d)(1)(A); *Gonzalez v. Thaler*, 132 S.Ct. 641, 653 (2012) ("[B]ecause Gonzalez did not appeal to the State's highest court, his judgment became final when his time for seeking review with the State's highest court expired"). State rules require that a petition for certification with the New Jersey Supreme Court be filed within 20 days after final judgment of the Appellate Division. N.J. Court Rules 2:12-3(a). As such, Petitioner's conviction and sentence became final on December 5, 2007, which started his AEDPA limitations

period. Petitioner did not file his PCR application until April 22, 2008, (ECF No. 6-11 at 2), so his limitations period ran for 139 days.

5. Another delay occurred after Petitioner's PCR application was denied on February 18, 2009. (ECF No. 6-14 at 2.) Although state rules require that an appeal be filed within 45 days, *see* N.J. Court Rules, R. 2:4-4(a), *Lombardi v. Masso*, 207 N.J. 517, 540-41 (2011), Petitioner did not file an appeal of the PCR denial until August 5, 2009. (ECF No. 6-16 at 2.) When an out-of-time appeal is filed, even if the appeal is accepted as properly filed by the state appeals court, statutory tolling does not include the period between the expiration of time to appeal and when the appeal was actually filed. *Swartz v. Meyers*, 204 F.3d 417, 423 n.6 (3d Cir. 2000) ("We . . . agree that the time during which Swartz's nunc pro tunc request for allowance of appeal was pending does not toll the statute of limitation"). Therefore, Petitioner's AEDPA limitations period ran from April 4, 2009 to August 5, 2009, for a period of another 123 days.

6. Finally, there was a delay in filing the instant Petition. The New Jersey Supreme Court denied certification for PCR review on January 19, 2012,[1] (ECF No. 6-22 at 2), but the Petition was not filed until August 20, 2012, resulting in the running of another 214 days from the AEDPA limitations period. In sum, a total of at least 476 days ran from Petitioner's one-year limitations period before the Petition was filed, making the Petition untimely.

7. Because the Court is raising *sua sponte* the issue of timeliness, the Court will give Petitioner a chance to argue for equitable tolling. Particularly, Petitioner may submit to this Court:

---

[1] There was also a delay in seeking certification with the New Jersey Supreme Court. On September 28, 2011, more than a year after the affirmance of PCR denial, the New Jersey Supreme Court granted Petitioner's motion for leave to file a notice of petition as within time. (ECF No. 6-21 at 2.) This suggests that there was a substantial delay between the affirmance of PCR denial and Petitioner's notice of petition. However, since Respondent did not submit documentation of when that motion for leave to file a notice of petition was actually filed, there is no way for the Court to determine the exact length of the delay.

3

(1) any arguments, supported by evidence, why any of the delays detailed above should be excused and equitably tolled; (2) with respect to Petitioner's petition of certification to the New Jersey Supreme Court after the affirmance of his PCR denial, documented evidence of when the motion for leave to file the notice of petition was actually filed; (3) any arguments, supported by evidence, why there was a delay between the affirmance of the PCR denial and the motion for leave to file the notice of petition, if any. Petitioner may also raise any other argument as appropriate with regard to the timeliness of the Petition.

IT IS therefore on this 12 day of August, 2015,

**ORDERED** that Petitioner shall, within 30 days of the date of entry of this Order, show cause in writing, in the manner directed above, as to why the Petition should not be denied as time-barred; *see Day*, 547 U.S. at 209 (holding that a show cause order is an appropriate method for the court to give notice to a petitioner for the *sua sponte* raising of a timeliness issue); it is further

**ORDERED** that Respondent shall have 14 days, after receipt of Petitioner's submission above, to respond; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular mail.

Claire C. Cecchi
United States District Judge